UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHEED MILTON,

        Petitioner,

v.

STEVEN RACETTE, *Superintendent G.M. Correctional Facility*,

        Respondent.

**DECISION AND ORDER**

14-CV-6001 EAW

---

## INTRODUCTION

Petitioner Rasheed Milton ("Petitioner") filed the instant action on January 2, 2014, seeking a writ of habeas corpus. (Dkt. 1). Respondent Steven Racette filed a response on June 18, 2014. (Dkt. 6). On September 2, 2014, Petitioner filed a motion to stay his petition "so that [he] can return to the State Courts to exhaust new claims of newly discover[ed] evidence and ineffective assistance of counsel." (Dkt. 8). The case was transferred to the undersigned on January 5, 2015. (Dkt. 9).

For the reasons set forth below, Petitioner's motion to stay is denied without prejudice.

## DISCUSSION

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), where a petition for habeas corpus is "mixed" (*i.e.* it contains both exhausted and unexhausted claims), a district court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at

275-276. Such a stay is warranted only if (1) there was good cause for the petitioner's failure to exhaust his claims first in state court and (2) the unexhausted claims are not plainly meritless. *Id.* at 277.

In this case, Petitioner's motion to stay his petition is improper for two reasons. First, Petitioner's petition is not a "mixed petition" because it does not currently contain the unexhausted claims Petitioner now seeks to pursue in the state courts. "Accordingly, before the court can address petitioner's stay motion, petitioner must first move to amend his current petition pursuant to Federal Rule of Civil Procedure 15(a) to add the new, unexhausted claim[s]. . . ." *Williams v. Sheahan*, No. 11-CV-2435 KAM, 2011 WL 2437496, at *1 (E.D.N.Y. June 15, 2011).

Second, Petitioner has not provided the Court with information sufficient to permit it to assess his unexhausted claims pursuant to the standards set forth in *Rhines*. *See Jackson v. Conway*, 550 F. Supp. 2d 382, 384 (W.D.N.Y. 2008) (denying motion to stay petition because "petitioner has made no attempt to demonstrate entitlement to a stay under any of the *Rhines* factors"). Without such information, the Court cannot determine whether it would be a proper exercise of discretion to utilize the stay-and-abeyance procedure described in *Rhines*.

As a result, Petitioner's motion to stay is denied without prejudice. Petitioner may file a motion for leave to amend the petition to add new claims for newly discovered evidence and ineffective assistance of counsel on or before April 24, 2015. Should Petitioner choose to make such a motion, he should address "(1) why leave to amend should be granted under Federal Rule of Civil Procedure 15(a); (2) whether his proposed

amendment is timely in light of the one-year statute of limitations period for habeas petitions; and (3) if the proposed amendment is not timely, whether the proposed amendment relates back to his original petition." *Williams*, 2011 WL 2437496 at *1. Petitioner must attach to any motion for leave to amend "(1) a proposed amended petition that includes the claims raised in his current petition and the new claim[s] he has yet to exhaust; (2) copies of the N.Y.C.P.L. § 440.10 motion briefs and any state court decision on that motion, if available; and (3) copies of any other state court motions filed by petitioner, seeking post-conviction or collateral review." *Id*. at *2.

Petitioner may also file a motion to stay his habeas petition concurrent with his motion for leave to amend. Such a motion should address the factors set forth in *Rhines*, specifically (1) whether there is good cause for Petitioner's failure to exhaust his claims prior to bringing his federal habeas petition and (2) whether the unexhausted claims are plainly meritless.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to stay (Dkt. 8) is denied without prejudice. Petitioner may file a motion for leave to amend and a second motion to stay on or before April 24, 2015, subject to the guidelines set forth above.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   March 18, 2015
         Rochester, New York