UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHEED MILTON,

                              **No. 1:14-CV-06001 (MAT)**
                    Petitioner,   **DECISION AND ORDER**

        -vs-

STEVEN RACETTE, Superintendent
G.M. Correctional Facility,

                    Respondent.

---

## I.   Introduction

Rasheed Milton ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered March 24, 2010, in New York State Supreme Court, Erie County (Michalski, J.), following a jury verdict convicting him of two counts of predatory sexual assault (N.Y. Penal Law § 130.95(1)(b), (3)), one count of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.02(1)), and one count of unlawful imprisonment in the second degree (N.Y. Penal Law § 135.05).

## II.  Factual Background and Procedural History

Petitioner was tried at a jury trial in November 2009. Evidence at trial established that in November 2008, petitioner and 19-year-old Dominique Simmons had a brief romantic relationship before Ms. Simmons ended it. After the breakup, petitioner continued to contact Simmons, calling her repeatedly after she had requested that he stop. On the morning of March 4, 2009, petitioner

called Simmons and she threatened to change her number; petitioner responded that she would "get it" for refusing to be with him. T. 146.[1] Shortly thereafter, as Simmons walked to a bus stop on her way to school, petitioner approached her from behind wielding a pocketknife. Threatening Simmons with the knife, petitioner walked her to his sister's house and pushed her inside. In the house, petitioner retrieved a larger carving knife from the kitchen and forced Simmons to have sexual intercourse with him. During the ensuing struggle, he broke her cell phone in half, ripped her clothing, and cut her with the carving knife above her clavicle. After the attack, petitioner and Simmons left the house together and petitioner turned back as if he had forgotten something. Simmons ran from the driveway straight to her aunt's nearby house.

At her aunt's house, Simmons reported the incident to her cousin, who took her to the hospital where a rape kit was administered by Rebecca Roloff, R.N., who observed that Simmons was extremely anxious and upset. Medical examination revealed a small laceration, consistent with a smooth, sharp, blade, above Simmons's clavicle, swelling of the hymenal tissue, and cervical injury. Results of the rape kit revealed petitioner's DNA on vaginal swabs taken from Simmons. Petitioner was interviewed by police and waived

---

[1] References to "T." are to the transcript of the jury trial, filed manually with the Court by respondent.

his <u>Miranda</u> rights. Among other statements, petitioner admitted that he "did it to scare" Simmons.

Petitioner was convicted as charged, as outlined above, and sentenced as a second felony offender to an indeterminate term of 18 years to life. Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) the prosecutor withheld exculpatory evidence; (2) prosecutorial misconduct denied him a fair trial; (3) he was denied effective assistance of counsel; (4) his right to counsel was violated; (5) the trial court erred in not suppressing his statements to police; and (6) his sentence was harsh and excessive. The Fourth Department unanimously affirmed petitioner's conviction, finding each of petitioner's claims to be meritless, and the Court of Appeals denied leave to appeal. See <u>People v. Milton</u>, 90 A.D.3d 1636 (4th Dep't 2011), <u>lv. denied</u>, 18 N.Y.3d 996 (2012).

On June 18, 2012, petitioner moved to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10, arguing that (1) the prosecutor used statements made to police in violation of his right to counsel; and (2) trial counsel was ineffective for failure to challenge the prosecutor's use of those statements. On November 7, 2012, County Court denied petitioner's motion, finding that petitioner's claim regarding the statements was meritless because, although petitioner argued that he informed

police that he was under federal investigation and requested to speak to his federally-appointed attorney, the record contained (and petitioner put forth) no evidence of such facts. Judge Michalski thus denied this claim pursuant to CPL § 440.30(4)(a). Petitioner's second claim was denied based on CPL § 440.10(2)(a), because it was meritless and because it had been considered on direct appeal.

Petitioner filed this petition for habeas relief on January 2, 2014. The petition raises all of the grounds petitioner included in his direct appeal and in his June 18, 2012 CPL § 440.10 motion. On September 2, 2014, petitioner moved to stay his petition "so that [he could] return to the State Courts to exhaust new claims of newly discover[ed] evidence and ineffective assistance of counsel." Doc. 8.

Subsequently, on October 2, 2014, petitioner brought a second CPL § 440.10 motion in state court, arguing that (1) petitioner obtained "newly discovered evidence" of the existence of Simmons's shirt and bra, which was not tested for DNA but which petitioner argued should have been tested for DNA; and (2) defense counsel was ineffective for (a) failing to obtain video footage from a police surveillance camera, which allegedly showed petitioner and Simmons walking together on the date of the alleged assault; (b) failing to investigate petitioner's claim that video footage existed of him and Simmons walking together on a different date; (c) failing to

seek DNA testing of Simmons's cell phone; (d) stipulating to the existence of DNA evidence on a vaginal swab taken from Simmons; and (e) failure to challenge the People's medical expert regarding evidence of penetration.

County Court denied petitioner's motion, without a hearing, on March 5, 2015. Judge Michalski found that DNA testing of Simmons's shirt and bra, even if it did reveal the absence of petitioner's DNA, would not likely change the outcome of the trial. Therefore, he denied the motion pursuant to CPL § 440.30, also citing People v. Salemi, 309 N.Y. 208 (1955), cert. denied, 350 U.S. 950 (1956). Judge Michalski denied petitioner's ineffective assistance claims on the ground that they should have been raised in the prior motion, pursuant to CPL § 440.10(3)(c).

On March 18, 2015, this Court (Wolford, J.) denied petitioner's motion for a stay without prejudice, finding that the petition was not a "mixed petition" since it did not currently contain the unexhausted claims at issue, and that petitioner had not provided the court sufficient information to permit it to assess his unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (holding that a stay is warranted only where petitioner establishes (1) good cause for his failure to exhaust the claims in state court and (2) the unexhausted claims are not plainly meritless). Judge Wolford's order informed petitioner that if he chose to file a second motion for a stay it should address the

5

<u>Rhines</u> factors, and informed petitioner that any motion to amend his petition should address "(1) why leave to amend should be granted under Federal Rule of Civil Procedure 15(a); (2) whether his proposed amendment is timely in light of the one-year statute of limitations period for habeas petitions; and (3) if the proposed amendment is not timely, whether the proposed amendment relates back to his original petition." Doc. 10 (citing <u>Williams v. Sheahan</u>, 2011 WL 2437496, *1 (E.D.N.Y. June 15, 2011)).

On April 22, 2015, petitioner filed a motion to amend the petition to include his unexhausted claims and also filed a motion for stay and abeyance pending exhaustion of his state court claims. Docs. 11, 12.[2] Although respondent was given the opportunity to respond to petitioner's motions by May 13, 2015 (doc. 13), it did not do so. The Court notes that on December 4, 2015, it ordered various transcripts to be filed by respondent's representative. Respondent has now provided the relevant state court transcripts, as well as documents relating to petitioner's post-conviction motions, and the record before this Court is therefore complete.

Regarding petitioner's second CPL § 440.10 motion, the Fourth Department granted leave to appeal on November 16, 2015, and ordered that the record and briefs in that appeal were to be filed

---

[2] On May 18, 2015, petitioner filed an additional document regarding his motion to amend and motion to stay. Doc. 14. This document restates and/or duplicates portions of his earlier filings (docs. 11, 12) and therefore will be considered as part of his earlier motions.

within 120 days of the filing of the transcripts with the Erie County Clerk's Office. Thus, that proceeding remains pending.

## III. Pending Motions

The Court will discuss petitioner's pending motion to amend his petition and motion to stay prior to reaching the grounds raised in the petition itself. In <u>Rhines</u>, the Supreme Court limited the district courts' approval of stay requests to those situations where there is both a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition *and* a showing that the unexhausted claims are not "plainly meritless." 544 U.S. at 277. Furthermore, because the one-year statute of limitations has run,[3] the proposed new claims are untimely unless they "relate back" to the originally pled claims. See <u>Mayle v. Felix</u>, 545 U.S. 644 (2005); Fed. R. Civ. P. 15(c)(1)(B).

Petitioner's "affidavit in support of motion to stay" states, in a conclusory manner, that his "new claims of ineffective assistance of counsel and newly discovered evidence" were "not discovered until recently" due to his own due diligence. Doc. 14 at 2; see doc. 12 at 2-3. However, petitioner does not set out any

---

[3] Petitioner's conviction became final on July 4, 2012, 90 days after the Court of Appeals denied leave to appeal. However, the limitations period was tolled from June 18, 2012, the date he filed his CPL 440.10 motion, through January 11, 2013, the day the Fourth Department denied leave to appeal the denial of that motion. The limitations period for this proceeding thus expired on January 11, 2014.

factual background as to why he was unable to discover these claims at an earlier time. Significantly, a report included with his own CPL § 440.10 motion indicated that, although the crime lab was in possession of Simmons's shirt and bra, it did not test those items for DNA evidence. This report was dated March 9, 2009 (although it was apparently provided separately to petitioner at a later time pursuant to a FOIL request), and also included information regarding the evidence that *was* tested for DNA, including the rape kit. Petitioner has laid out no reason as to *why* he was not aware that the shirt and bra existed, but were not tested, prior to his filing of the CPL § 440.10 motion in October 2014. He has not alleged that this document was unavailable to defense counsel or that defense counsel somehow lacked knowledge of evidence existing at the time of trial, whether tested or untested.

Similarly, petitioner's claims regarding ineffective assistance of counsel center on facts which would have been known to petitioner at the time of his trial (i.e., time spent with Simmons prior to the alleged assault) or on events occurring during trial (i.e., defense counsel's stipulation to rape kit evidence and and failure to challenge the prosecution's medical expert). Petitioner has offered no reason as to why he waited so long to request permission to exhaust these claims, and he has not suggested that there were any official impediments to his instituting exhaustion proceedings at an earlier time. Therefore,

the Court determines that petitioner has not established good cause for his failure to exhaust these claims prior to bringing the instant habeas petition. In light of petitioner's inability to demonstrate "good cause", it would be an abuse of this Court's discretion to grant a stay. Rhines, 544 U.S. at 277-78.

Moreover, the claims are also time-barred because they do not relate back to the claims brought in the original habeas petition. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (allowing relation back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes"). Here, petitioner's claims regarding the "newly discovered" shirt and bra, and ineffective assistance of counsel, do not relate to the events involved in the petition's original claims. Those original claims centered on alleged withholding of unrelated exculpatory evidence and separate incidents of alleged ineffective assistance. For the above-stated reasons, the Court denies petitioner's motion to amend and motion to stay, with prejudice.

## IV.  Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Superior Court for Judicial

Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## V. Grounds Asserted in the Petition

### 1. __Brady__ Material

In his direct appeal, petitioner argued that the prosecution withheld exculpatory Brady material. See Brady v. Maryland, 373 U.S. 83 (1963). Specifically, petitioner contended that the prosecution failed to disclose that one of its police witnesses, Officer Wendy Collier, also worked for a private investigative firm which pursued civil claims. Petitioner argued that this evidence would have been exculpatory because the victim, Dominique Simmons, had hired a law firm to sue Erie County for negligently releasing petitioner, thereby enabling him to commit the alleged rape. The Fourth Department rejected petitioner's claim on the merits, holding that "[e]ven assuming, arguendo, that such information constituted Brady material on the ground that it could be  used to impeach the officer's testimony, . . . there was no 'reasonable

possibility that the outcome of the trial would have differed had [that information] been [disclosed][.]'" Milton, 90 A.D.3d at 1636.

To establish a Brady violation, the "evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 282 (1999). In order to establish prejudice, a petitioner must "convince [the court] that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." Id. at 289. There is no such reasonable probability in this case. Even if the evidence could be considered Brady material, it has no bearing on the otherwise overwhelming evidence against petitioner at his trial, which evidence included testimony of the victim, DNA corroboration from a rape kit, and corroboration from witnesses who observed the victim's demeanor and injuries. Therefore, the Fourth Department's conclusion reached on this issue was not an unreasonable application of Supreme Court precedent, and therefore this claim is dismissed.

### 2.  Prosecutorial Misconduct

Petitioner's claim of prosecutorial misconduct was rejected by the Fourth Department, which found that it was unpreserved for review and, in any event, without merit. "It is well-settled that

an Appellate Division finding that a petitioner failed to preserve a claim for appellate review operates as a state procedural bar to federal habeas review." Collado v. Lemke, 2015 WL 4139256, *5 (E.D.N.Y. July 9, 2015) (citing Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (finding claims procedurally barred where "Appellate Division explicitly found that these claims were not preserved for appellate review, in addition to finding that they were, in any event, without merit.")). Accordingly, this claim is denied.

### 3.   Ineffective Assistance of Counsel

In his direct appeal, petitioner argued that trial counsel was ineffective for the following reasons: (1) he improperly opened the door to questioning of a police witness regarding petitioner's credibility in a police interview; and (2) various "additional failures," including failure to object to the prosecutor's remarks on summation, failure to request a hearing regarding the admissibility of prior charged and uncharged crimes, and defense counsel's own reference to petitioner's prior crimes. In petitioner's first CPL § 440.10 motion, he also argued that trial counsel was ineffective for failing to challenge the prosecutor's use of statements petitioner made to police, allegedly in violation of his right to counsel. Petitioner's claims regarding ineffective assistance fail on the merits.

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

Upon review of the record, the Court concludes that, although trial counsel made some questionable decisions, overall his performance was effective. Counsel actively participated in all stages of the trial, making appropriate motions and objections, performing adequate cross-examination of witnesses both at the pretrial and trial stages, and presenting reasonable opening and closing arguments. The record thus establishes that, in the aggregate, trial counsel's representation was effective. See Harrington v. Richter, 562 U.S. 86, 90 (2011) ("[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy."); United States v. DiPaolo, 804 F.2d 225, 234-35 (2d Cir. 1986) (holding that defendants were not denied effective assistance of counsel where counsel appeared well-prepared and demonstrated good understanding of the facts and legal principles involved in case). Regardless,

because there was overwhelming evidence in this case that petitioner committed the crimes for which he was convicted, there is no reasonable probability that absent any error on the part of trial counsel, the verdict would have been different. See Strickland, 466 U.S. at 695 ("the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"); see also Lang v. United States, 2009 WL 4788430, *2 (S.D.N.Y. Dec. 9, 2009) ("[A] court will not expend resources on an ineffective assistance claim where there is independent and overwhelming evidence to support the conviction."). Therefore, petitioner's claims regarding ineffective assistance are dismissed.

### 4.   Right to Counsel

In his direct appeal, petitioner argued that his right to counsel *under New York law* was violated when he was questioned by police although they knew that he had counsel on a pending and unrelated charge. On direct appeal, petitioner specifically framed this claim in terms of New York law, citing People v. Lopez, 16 N.Y.3d 375 (2011), People v. Burdo, 91 N.Y.2d 146 (1997), and People v. Rogers, 48 N.Y.2d 167 (1979). Because petitioner failed to raise this issue in federal constitutional terms in his state court proceedings, and in fact explicitly raised the issue *only* in terms of state law, habeas relief on this ground is precluded. See, e.g., Pulliam v. W., 2004 WL 2413385, *4 (E.D.N.Y. Oct. 12, 2004)

("As the [habeas] statute clearly states, [a court] cannot grant habeas relief on [a petitioner's] argument that his right to counsel was violated under state law."); Rivera v. Jones, 1986 WL 7786, *1 (S.D.N.Y. July 10, 1986) ("Rivera's first claim is that he was denied his state constitutional right to counsel, under New York law. However, federal habeas relief does not lie for violations of state law.").

Petitioner did raise a claim of a violation of his federal constitutional right to counsel in his first CPL § 440.10 motion. County Court denied petitioner's motion on this ground, citing state law reasons. This claim is barred from habeas review, however, because it is apparent from review of the record that petitioner could have brought the claim on his direct appeal. Therefore, the claim is unexhausted and procedurally barred. See, e.g., Nunez v. Conway, 2010 WL 234826, *7-8 (S.D.N.Y. Jan. 20, 2010) (noting that under similar facts, that claim of a violation of right to counsel was procedurally barred). Petitioner has not alleged cause and prejudice to overcome the procedural default. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95, 108 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

15

## 5.   Suppression of Statements

In his direct appeal, petitioner contended that he was denied a fair trial because his statements to police were made involuntarily during custodial interrogation, in violation of his Fifth Amendment right against self-incrimination. The Fourth Department rejected this contention on the merits, without discussion.

Petitioner's statements to police were the subject of a pretrial Huntley hearing. See People v. Huntley, 15 N.Y.2d 72 (1965). At the hearing, Detective Jacqueline Sullivan testified that she met with petitioner at an arranged time and immediately read him his Miranda rights. Despite these warnings, petitioner agreed to speak with Detective Sullivan, although he refused to "sign anything," including a Miranda waiver card. Huntley Hearing Transcript, at 28. County Court's finding that these statements were not obtained in violation of petitioner's constitutional rights constitutes a factual finding, which petitioner bears the burden of rebutting by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). In this case, petitioner has come forward with no evidence to suggest that the statements he made to police were anything but voluntary, as established at the Huntley hearing and as found by County Court and the Fourth Department. Plaintiff has thus failed to meet his burden under § 2254(e)(1), and the factual findings are presumed correct under AEDPA. See, e.g., Whyte v.

16

<u>Brown</u>, 2011 WL 7100558, *17-18 (S.D.N.Y. May 3, 2013) (holding that voluntariness of statements was established where it "was fully developed during the <u>Huntley</u> hearing"), report and recommendation adopted, 2012 WL 234424 (S.D.N.Y. Jan. 26, 2012).

### 6.    Harsh and Excessive Sentence

Petitioner's final claim in his direct appeal was that his sentence was harsh and excessive. Petitioner did not argue that the sentence was outside the bounds of that prescribed by state law, but rather that it was unduly harsh and severe. "It is well settled that 'no federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.'" <u>Robles v. Lempke</u>, 2011 WL 9381499, *18 (E.D.N.Y. Sept. 9, 2011), report and recommendation adopted, 2012 WL 5507303 (E.D.N.Y. Nov. 14, 2012) (quoting <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992); citing <u>Schreter v. Artuz</u>, 225 F. Supp. 2d 249, 258 (E.D.N.Y. 2002) (collecting cases)). This claim is thus dismissed.

## IV. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Petitioner's motions to amend and to stay (Docs. 11, 12, 14) are denied with prejudice. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of

appealability.  The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:      January 5, 2016
            Rochester, New York.